UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA,            :
                                     :     **ORDER**
v.                                   :
                                     :     16 CR 463 (VB)
ARIEL VARSANYI,                      :
                         Defendant.  :
--------------------------------------------------------x

By letter dated May 15, 2020 (Doc. #62), counsel for defendant Ariel Varsanyi moves for re-sentencing pursuant to Fed. R. Crim. P. 36, which permits the Court to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Counsel states that the Bureau of Prisons ("BOP") has improperly failed to "give Mr. Varsanyi credit for approximately 30 months spent in state custody after his arrest in the instant case," contending that the BOP has misinterpreted the Court's "clear instructions" to the contrary. Counsel relies on the Court's statement at the time of sentencing that the 96 month prison sentence in this case was imposed to "run concurrently with the prior undischarged terms of imprisonment imposed in January 2016" in Orange County Court and Dutchess County Court, pursuant to Section 5G1.3(d) of the Sentencing Guidelines.[1]

Thus, counsel appears to contend that this Court intended the instant sentence to <u>commence</u> <u>running</u> as of the date defendant was sentenced in the two prior state cases (January 2016), rather than the date of imposition of the federal sentence (June 12, 2018). According to the Presentence Report ("PSR"), defendant was sentenced in the Dutchess County case on January 12, 2016 (PSR ¶ 40), and was sentenced in the Orange County case on January 28, 2016 (PSR ¶ 39), with the two state sentences to run concurrently to each other (PSR ¶ 39). Counsel does not, however, identify any statements in the sentencing transcript to the effect that this Court intended that the federal sentence commence running as of January 2016. He identifies only the Court's statement that the instant sentence run concurrently with the prior undischarged terms of imprisonment in the state cases. According to the Presentence Report, defendant was arrested in the federal case on June 23, 2015 (PSR at p. 1), but that was after he was arrested and in custody in the Orange County case.

Defense counsel's letter also references the impact of 18 U.S.C. § 3585(b) on this case—"[a]ccording to the Government, it is against BOP policy to provide prior custody credit for a separate charge where such time was credited by another sentence"—but it does not address the

---

[1] Counsel's letter quotes from the sentencing transcript but does not attach the transcript to his letter. The Court does not doubt the accuracy of counsel's quotation—indeed, the Court's direction that the sentence run concurrently with the prior undischarged terms of state imprisonment is set forth in the Judgment (Doc. #57)—but the Court does not have the sentencing transcript. Therefore, counsel is directed to email the transcript to the Court's courtroom deputy clerk as soon as possible.

impact of Section 3585(b) in any meaningful way, nor does it address in any meaningful way the contention that Rule 36 permits the Court to resentence defendant in this case.  Moreover, defense counsel's letter does not address what appears to be the key factual issue in this case, namely, whether there is any support in the record for the contention that the Court intended defendant to receive credit for the time he spent in state custody prior to his sentencing in this case—i.e., that the federal sentence commence running in January 2016 or some other date prior to when the Court imposed the federal sentence on June 12, 2018.

By May 29, 2020, the government shall file a response to defense counsel's May 15 letter.  The government's letter must, at a minimum, address the legal issues related to Rule 16 and Section 3585(b), as well as the factual question of whether the record supports the contention that the Court intended defendant to receive credit for the time he spent in state custody prior to his sentencing in this case.

Dated: May 19, 2020
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge