UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-x
UNITED STATES OF AMERICA     :
                             :     **MEMORANDUM OPINION**
v.                           :     **AND ORDER**
                             :
ARIEL VARSANYI,              :     16 CR 463 (VB)
                Defendant.   :
\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-x

Briccetti, J.:

By motion dated December 18, 2020, defendant Ariel Varsanyi seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. #81). For the reasons set forth below, the motion is DENIED.

Varsanyi was arrested in Orange County by New York State Police on April 27, 2015, for criminal possession of a firearm and ammunition, as well as a quantity of narcotics. At the time, Varsanyi was on federal supervised release, having recently been released from prison after serving a sentence for possession with intent to distribute more than fifty grams of crack cocaine. When his home was searched later that day, law enforcement recovered, among other things, a loaded 9-millimeter semi-automatic handgun, several magazines containing 9-millimeter ammunition, a .45 caliber semiautomatic pistol and ammunition, a 7.62 millimeter semiautomatic pistol and two empty high-capacity magazines, a .22 LR caliber revolver, and a large quantity of heroin, cocaine, and crack cocaine. Varsanyi was later convicted and sentenced to five years' imprisonment on the Orange County case, as well as on a separate case in Dutchess County, with the two state sentences to run concurrently.

On June 23, 2015, Varsanyi was arrested in the instant case. After he pleaded guilty to possession with intent to distribute heroin and cocaine, and using and carrying firearms in furtherance of that drug trafficking crime, the Court sentenced Varsanyi to ninety-six months

1

imprisonment, to run concurrently with the prior undischarged terms of imprisonment in the Orange and Dutchess County cases. In imposing sentence, the Court carefully considered all of the factors set forth in 18 U.S.C. § 3553(a), and took into account Varsanyi's extremely difficult upbringing, his history of anxiety, depression, and post-traumatic stress disorder ("PTSD"), and his sincere expression of remorse. As a result, the Court imposed a sentence that was far below the applicable sentencing range of 262-327 months' imprisonment, finding that the sentence was sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes of the defendant.

Varsanyi has been detained since his arrest in April 2015. To date, he has served seventy months of his ninety-six-month sentence, or approximately seventy-three percent of the sentence imposed.

The law does not permit a sentence of imprisonment to be reduced once it has been imposed, except in the rare circumstance in which the Court, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). In the instant motion, Varsanyi argues he has chronic asthma that makes him vulnerable to severe illness from COVID-19, and also that his PTSD has been exacerbated by the COVID-19 pandemic.

The Court finds that Varsanyi has not demonstrated extraordinary and compelling reasons warranting early release from his lawfully imposed prison sentence.

First, although Varsanyi claims to have "chronic severe asthma," his prison medical records reflect a diagnosis of "asthma, unspecified," for which he has been prescribed an inhaler and has received regular treatment. Moreover, although his medical records reflect a hospitalization in 2019 for pneumonia and respiratory distress, they also reflect that more

recently he has twice (in April and August 2020) exaggerated his symptoms of respiratory distress.[1] In any event, even "moderate-to-severe" asthma does not definitively place an individual at increased risk of severe illness from COVID-19. Current guidance from the Centers for Disease Control and Prevention ("CDC") states that "moderate-to-severe" asthma <u>might</u> place a person at increased risk of severe illness, but does not list it as a condition confirmed to do so. See <u>CDC, People With Certain Medical Conditions</u>, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 16, 2021).

Second, Varsanyi's medical records reflect he recently had, and fortunately recovered from, COVID-19. He tested positive for the disease on January 6, 2021, and was placed in isolation. He briefly experienced shortness of breath and developed a cough, but he was symptom-free by January 10. On January 16, he cleared isolation pursuant to CDC guidance. Because Varsanyi has already had the disease, his risk of reinfection is extremely low. See <u>CDC, Reinfection With COVID-19</u>, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited Feb. 16, 2021) ("Cases of reinfection with COVID-19 have been reported, but remain rare."). Thus, a sentence reduction based on the risk of contracting the virus again makes no sense. See <u>United States v. Hawkins</u>, 2021 WL 40206, at *2 (E.D.N.Y. Jan. 5, 2021); <u>United States v. Hardy</u>, 2020 WL 7711676, at *2 (S.D.N.Y. Dec. 29, 2020); <u>United States v. McCallum</u>, 2020 WL 7647198, at *1 (S.D.N.Y. Dec. 23, 2020).

Third, Varsanyi's medical records reflect that his PTSD is in remission, and that he has been prescribed medication for anxiety and depression.

---

[1] Varsanyi's medical records also reflect that during his 2019 hospitalization, Varsanyi faked urological symptoms.

3

Finally, and importantly, Section 3582(c)(1)(A) mandates that the Court also consider the Section 3553(a) factors "to the extent that they are applicable." The Court has done so here. The exceptionally serious nature of Varsanyi's offenses warranted a lengthy prison sentence at the time it was imposed. Indeed, the sentence was designed to promote respect for the law and provide just punishment for the offense, as well as to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, especially considering that Varsanyi was on supervised release when he committed the instant offenses. These sentencing factors not only supported the sentence at the time it was imposed, they also weigh strongly against Varsanyi's early release.

Accordingly, defendant Ariel Varsanyi's motion for a reduction of sentence is DENIED.

Dated: February 16, 2021
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge